ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| JULIANA DEL TORO VARGAS<br><br>Peticionaria<br><br><br>SOUTH WEST HEALTH CORPORATION H/N/C HOSPITAL METRO Y OTROS<br><br>Recurridos | KLCE202400016 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br><br>MZ2023CV00438 (SALÓN 307)<br><br>Sobre:<br><br>Despido Injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Salgado Schwarz, Carlos G., Juez Ponente.

# RESOLUCIÓN

En San Juan, Puerto Rico, a 11 enero de 2024.

Comparece ante nos la Sra. Juliana Del Toro Vargas (señora Del Toro Vargas o Peticionaria) y solicita que revoquemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario) el 28 de diciembre de 2023, notificada el 29 de diciembre. Mediante el referido dictamen, el TPI ordenó lo siguiente:

> Se ordena a la Parte Querellante prestar fianza de no residente por la cantidad de dos mil dólares ($2,000.00) de conformidad con la Regla 69.5 de Procedimiento Civil, en un término de 60 días.
>
> Una vez prestada la fianza no residente continuarán los procedimientos.
>
> Se apercibe a la parte que incumplir con la orden del Tribunal conllevará la desestimación del pleito.

Luego de deliberar los méritos del recurso ante nos, entendemos procedente no intervenir con la decisión

Número Identificador

RES2024_____

recurrida. Si bien este foro apelativo no está obligado a fundamentar su determinación al denegar la expedición de un recurso discrecional,[1] abundamos sobre las bases de nuestra decisión para que las partes no alberguen dudas en sus mentes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica.

Conforme a lo anterior, expresamos que no surge del expediente de este caso que el TPI actuase mediando prejuicio, parcialidad, error manifiesto o mediante craso abuso de su discreción.[2] Tampoco divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones.[3]

Basado en lo anterior, *denegamos* la expedición del auto de *certiorari* ante nuestra consideración.

**Notifíquese**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*

---

[1] 32 LPRA Ap. V, R. 52.1.
[2] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).
[3] 4 LPRA Ap. XXII-B, R. 40.